**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| APRIL COCHRAN, ) | |
| PLAINTIFF, ) | CASE NO. |
|  ) | |
| v. ) | COMPLAINT |
|  ) | |
| NORTHEAST MORTGAGE LLC d/b/a ) | JURY TRIAL DEMANDED |
| AMERICORE MORTGAGE and GLOBAL ) | |
| MORTGAGE OF DELAWARE, INC. d/b/a ) | JULY 21, 2006 |
| GLOBAL MORTGAGE, INC., ) | |
| DEFENDANTS ) | |

## INTRODUCTION

1.  This is a case arising from Defendants' violations of the Federal Equal Credit Opportunity Act (ECOA) 15 U.S.C. § 1691, *et seq*. and the Federal Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681, *et seq*.  Defendants, both mortgage lender/brokers, accessed Plaintiff's credit reports in considering her applications for a mortgage loan and took adverse action on Plaintiff's application based on the information therein, but failed to notified Plaintiff of such action and failed to provide the notice and disclosures required by law.

## JURISDICTION

2.  Jurisdiction is proper pursuant to the ECOA, 15 U.S.C. § 1691e(f) and the FCRA, 15 U.S.C. § 1681p.

3.  This court has jurisdiction over Northeast Mortgage LLC d/b/a Americore Mortgage (hereinafter "Americore") because it is a Connecticut-licensed mortgage lender/broker conducting business in Connecticut.

4. This court has jurisdiction over Global Mortgage of Delaware, Inc. d/b/a Global Mortgage, Inc. (hereinafter "Global Mortgage") because it is a Connecticut-licensed mortgage lender/broker conducting business in Connecticut.

5. Venue is proper because Plaintiff is a natural person residing in this state and the majority of the events underlying this suit occurred in this state.

## PARTIES

6. April Cochran, the plaintiff, is a resident of Oakdale, Connecticut.

7. She is a consumer as that term is defined by the ECOA and the FCRA.

8. Americore was a Connecticut-licensed mortgage lender/broker at all times relevant to this action and has a principal place of business in Cranston, Rhode Island.

9. At all times relevant hereto Americore was a "creditor" as governed and defined by ECOA, 15 U.S.C. § 1691a(e).

10. At all times relevant hereto Americore was a user of Plaintiff's credit report subject to the terms of the FCRA, 15 U.S.C. § 1681, *et seq*.

11. Global Mortgage was a Connecticut-licensed mortgage lender/broker at all times relevant to this action and has a principal place of business in New Milford, Connecticut.

12. At all times relevant hereto Global Mortgage was a "creditor" as governed and defined by ECOA, 15 U.S.C. § 1691a(e).

13. At all times relevant hereto Global Mortgage was a user of Plaintiff's credit report subject to the terms of the FCRA, 15 U.S.C. § 1681, *et seq*.

**FACTUAL ALLEGATIONS**

14. In September 2005 April Cochran met with John Castodio, an employee and agent of Americore.

15. Ms. Cochran entered into an agreement with Mr. Castodio to engage the services of Americore to help her apply for and obtain a mortgage.

16. Ms. Cochran informed Mr. Castodio that she needed a new mortgage to save her home from foreclosure by refinancing her then existing mortgage loan.

17. Ms. Cochran informed Mr. Castodio that she wanted a mortgage that would have approximately the same monthly payments as required for her then existing mortgage.

18. Mr. Castodio charged and Ms. Cochran paid $2,500 for his services, as Americore's employee and agent.

19. Mr. Castodio arranged for an appraisal of Ms. Cochran's home as part of the mortgage application process.

20. Ms. Cochran paid the appraiser $300 for the appraisal.

21. Ms. Cochran submitted a mortgage loan application to Americore, via Mr. Castodio.

22. Americore evaluated Ms. Cochran's credit application and made decisions regarding whether Americore should extend credit to Ms. Cochran.

23. Americore evaluated Ms. Cochran's credit application and made decisions regarding whether to submit her application to other creditors.

24. Americore submitted Ms. Cochran's mortgage application to Global Mortgage on her behalf.

3

25. On information and belief Americore also submitted Ms. Cochran's mortgage application to other mortgage lenders on her behalf.

26. Americore obtained a credit report on Ms. Cochran in order to evaluate her loan application.

27. Global Mortgage obtained a credit report on Ms. Cochran in order to evaluate her loan application.

28. On information and belief the other mortgage lenders to which Americore had submitted Ms. Cochran's application obtained her credit report to evaluate her loan application.

29. Ms. Cochran completed her loan application.

30. Global Mortgage rejected Ms. Cochran's application and made a counter-offer. The counter-offer was for terms less favorable than the terms for which she had applied and amounted to a refusal to grant credit on substantially the terms originally requested.

31. Ms. Cochran rejected Global Mortgage's counter-offer.

32. On information and belief, Global Mortgage based its decision at least in part upon Ms. Cochran's credit report.

33. On information and belief Americore rejected Ms. Cochran's application based, at least in part, upon Ms. Cochran's credit report.

34. On information and belief other creditors to which Americore had submitted Ms. Cochran's application rejected her application based, as least in part, upon Ms. Cochran's credit report.

35. Americore's decision to reject Ms. Cochran's loan application constituted adverse action within the scope of the ECOA and FCRA.

36. Global Mortgage's decision to reject Ms. Cochran's loan application and to respond with the above-described counter-offer constituted adverse action within the scope of the ECOA and FCRA.

37. On information and belief, the decision by the other creditors to which Americore had submitted Ms. Cochran's application to reject her loan application constituted adverse action within the scope of the ECOA and FCRA.

38. Americore was required to provide Ms. Cochran with written notices of the adverse action taken but failed to do so.

39. Global Mortgage was required to provide Ms. Cochran with written notices of the adverse action taken but failed to do so.

## FIRST COUNT
### (Americore)
### VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT

40. Ms. Cochran re-alleges all of the preceding paragraphs as if fully restated herein.

41. The allegations of this count are raised against Americore.

42. The Defendant failed to provide Ms. Cochran with any written or other statement of reasons for the denial of credit and failed to provide the disclosures mandated by 15 U.S.C § 1691(d)(2)(b).

43. This failure is a violation of the Equal Credit Opportunity Act.

44. As a result of the above-alleged ECOA violations, Ms. Cochran has suffered substantial actual damages in the loss of her right to determine the basis for the credit denial, her loss of the credit itself, frustration, anger, embarrassment and other emotional and mental anguish.

45. As a result of the above alleged ECOA violations, the Defendant is liable to Ms. Cochran for her actual damages pursuant to 15 U.S.C. § 1691(e)(a); for punitive damages up to $10,000.00, pursuant to 15 U.S.C. § 1691e(b); and for attorneys fees and costs pursuant to 15 U.S.C. § 1691e(d).

46. Ms. Cochran is entitled to equitable relief against the Defendant requiring delivery of a compliant notice for each of the above-mentioned credit denials and in all future instances.

## SECOND COUNT
### (Global Mortgage)
### VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT

47. Ms. Cochran re-alleges paragraphs 1 through 39.    as if fully restated herein.

48. The allegations of this count are raised against Global Mortgage.

49. The Defendant failed to provide Ms. Cochran with any written or other statement of reasons for the denial of credit and failed to provide the disclosures mandated by 15 U.S.C § 1691(d)(2)(b).

50. This failure is a violation of the Equal Credit Opportunity Act.

51. As a result of the above-alleged ECOA violations, Ms. Cochran has suffered substantial actual damages in the loss of her right to determine the basis for the credit denial, her loss of the credit itself, frustration, anger, embarrassment and other emotional and mental anguish.

52. As a result of the above alleged ECOA violations, the Defendant is liable to Ms. Cochran for her actual damages pursuant to 15 U.S.C. § 1691(e)(a); for punitive damages up to $10,000.00, pursuant to 15 U.S.C. § 1691e(b); and for attorneys fees and costs pursuant to 15 U.S.C. § 1691e(d).

53. Ms. Cochran is entitled to equitable relief against the Defendant requiring delivery of a compliant notice for each of the above-mentioned credit denials and in all future instances.

### THIRD COUNT
### (Americore)
### VIOLATION OF THE FAIR CREDIT REPORTING ACT

54. Ms. Cochran re-alleges paragraphs 1 through 39.     as if fully restated herein.

55. The allegations of this count are raised against Americore.

56. The Defendant used Ms. Cochran's credit report for the purpose of evaluating her loan application.

57. The Defendant willfully failed to provide any notice of information required by § 1681m(a)(2) and (3) or any other notice of adverse action.

58. Where the credit decision was based on information other than information obtained from a credit reporting agency, the Defendant willfully violated the FCRA by failing to provide the notice required by § 1681m(b).

59. In the alternative to a willful violation, the Defendant's violations were negligent.

60. As a result of the above alleged FCRA violations, Ms. Cochran has suffered substantial actual damages in the loss of her right to determine the basis for credit denial, her loss of the credit itself, frustration, anger, embarrassment and other emotional and mental anguish.

61. For each of its willful violations of the FCRA, the Defendant is liable to Ms. Cochran for the greater of statutory damages not less than $100 nor greater than $1,000 or actual damages; as well as attorney's fees, costs, and punitive damages pursuant to 15 U.S.C. § 1681n.

62. For each of its negligent violations of the FCRA, the Defendant is liable to Ms. Cochran for actual damages, attorney's fees, and costs pursuant to 15 U.S.C. § 1681o.

63. Ms. Cochran is also entitled to equitable relief against the Defendant requiring delivery of compliant notices for each of the above-mentioned credit denials and in all future instances.

## FOURTH COUNT
### (Global Mortgage)
## VIOLATION OF THE FAIR CREDIT REPORTING ACT

64. Ms. Cochran re-alleges paragraphs 1 through 39.   as if fully restated herein.

65. The allegations of this count are raised against Global Mortgage.

66. The Defendant used Ms. Cochran's credit report for the purpose of evaluating her loan application.

67. The Defendant willfully failed to provide any notice of information required by § 1681m(a)(2) and (3) or any other notice of adverse action.

68. Where the credit decision was based on information other than information obtained from a credit reporting agency, the Defendant willfully violated the FCRA by failing to provide the notice required by § 1681m(b).

69. In the alternative to a willful violation, the Defendant's violations were negligent.

70. As a result of the above alleged FCRA violations, Ms. Cochran has suffered substantial actual damages in the loss of her right to determine the basis for credit denial, her loss of the credit itself, frustration, anger, embarrassment and other emotional and mental anguish.

71. For each of its willful violations of the FCRA, the Defendant is liable to Ms. Cochran for the greater of statutory damages not less than $100 nor greater than $1,000 or actual damages; as well as attorney's fees, costs, and punitive damages pursuant to 15 U.S.C. § 1681n.

72. For each of its negligent violations of the FCRA, the Defendant is liable to Ms. Cochran for actual damages, attorney's fees, and costs pursuant to 15 U.S.C. § 1681o.

73.     Ms. Cochran is also entitled to equitable relief against the Defendant requiring delivery of compliant notices for each of the above-mentioned credit denials and in all future instances.

## **PRAYER FOR RELIEF**

WHEREFORE, it is respectfully prayed that this Court:

1. Assume jurisdiction of this case;

2. Award the Plaintiff punitive damages up to $10,000.00 against each defendant, pursuant to 15 U.S.C. § 1691e(b);

3. Award the Plaintiff the greater of statutory damages between $100 and $1,000 or actual damages for each of the defendants' willful violations pursuant to 15 U.S.C. § 1681n;

4. Award the Plaintiff punitive damages for each of the defendants' willful violations pursuant to 15 U.S.C. § 1681n;

5. Order the defendants to provide delivery compliant ECOA and FCRA notices for each of the above-mentioned credit denials and in all future instances.

6. Award actual damages in an amount to be established at trial;

7. Award the Plaintiff attorneys fees and costs pursuant to 15 U.S.C. § 1691e(d) and 15 U.S.C. §1681o; and

8.	Award such other and further relief as the Court deems just and proper.


				THE PLAINTIFF, April Cochran,


				By:   /s/ Andrew G. Pizor_____
				Andrew G. Pizor (ct27015)
				apizor@consumerlawgroup.com
				Consumer Law Group, LLC
				35 Cold Spring Road, Suite 512
				Rocky Hill, CT 06067
				Tel. (860) 571-0408 Fax. (860) 571-7457

10